a final order, because it does not determine the action or prevent a judgment. Section 12223-2, General Code. See, also, 2 Ohio Jurisprudence, 135; *Longworth* v. *Mullaly,* 2 Handy, 131, 12 Dec. Rep., 366; *Knollwood Cemetery Co.* v. *Cuyahoga County,* 137 Ohio St., 388, 30. N. E. (2d), 687; *Bankers Life Co.* v. *Waters,* 39 Ohio App., 343, 177 N. E., 530.

Inasmuch as appeals may be prosecuted to judgments of final orders only, and we have neither here, we cannot entertain this appeal and it will be dismissed.

*Appeal dismissed.*

WISEMAN, P. J., and MILLER, J., concur.

IN RE ESTATE OF DECKER: SHERWOOD, APPELLANT, *v.* BETTS, EXR., APPELLEE.

(No. 477—Decided January 25, 1946.)

*Mr. W. S. Snook,* for appellant.
*Mr. Marcus C. Downing,* for appellee.

By the Court. This is an appeal on questions of law from a judgment of the Probate Court of Hancock county, striking from the files and dismissing certain exceptions filed by the appellant, Florence L. Sherwood, to the inventory of the estate filed by Jackson E. Betts, executor thereof.

Omitting the caption and signature, the exceptions are in the words and figures following, to wit:

"Now comes Florence L. Sherwood and represents to the court that she is interested in the inventory of said estate filed in this court on the 14th day of July, 1945, and that she takes exceptions to said inventory, and does here now except to the same for the reason that said inventory contains money which rightfully belongs to her and not to the estate of George H. Decker and should not have been included therein."

To these exceptions, Jackson E. Betts as such executor, filed a pleading which he designated "Motion," which, omitting caption and signature, is in the words and figures following, to wit:

"Now comes Jackson E. Betts, executor of the estate of George H. Decker, deceased, and moves the court for an order striking from the file and dismissing the exceptions filed by Florence Sherwood to the inventory filed herein by said executor for the following reasons:

"1. By virtue of Section 10509-59 of the General Code of Ohio the said Florence Sherwood, or exceptor is neither a person interested in the estate nor an heir at law of said decedent.

"2. That the matter raised by said exceptions has been adjudicated herein before said exceptions were filed and therefore is 'res judicata.' "

Upon the hearing of such exceptions and the pleading designated a motion, filed by the executor thereto, the exceptor, Florence L. Sherwood, was called as

a witness on cross-examination by counsel on behalf of the executor, and testified as follows:

That the money referred to in the exceptions she claims rightfully belongs to her and not to the estate of George H. Decker is the identical funds which the Probate Court of Hancock county, in a' proceeding duly pending before it, under date of February 18, 1944, found belonged to the estate; that she was guilty of having concealed the same, and the court ordered her to deliver the same immediately to Jackson E. Betts, executor of the estate of George H. Decker, deceased, to be by him administered under the direction of the court; that such order had been duly affirmed by the Court of Appeals, and the Supreme Court had overruled her motion to certify the record in the appellate court to it; that pursuant to such order she had, prior to the filing of the exceptions, paid and delivered the funds in question to the executor; and that she was not an heir-at-law of the decedent or any relation whatever to him.

The appellant assigns error in the hearing of the cause in the Probate Court, in the following particulars:

1. In overruling the exceptor's objection to calling the exceptor for cross-examination for the purpose of the motion to dismiss the exceptions.

2. Various errors in the ruling of the court as revealed by the record on the hearing of the motion and shown by the bill of exceptions.

3. The court erred in sustaining the motion of the executor to dismiss the exceptions to the inventory filed by the appellant, Florence L. Sherwood.

Assignment number two will not be considered as it is not argued in appellant's brief. Assignment number one will be first considered and assignment number three will be next considered.

1. The facts to which exceptor testified in this pro-

ceeding all occurred subsequent to the death of the exceptor's decedent and her testimony as to such facts was admissible under the provision of subdivision 1 of Section 11495, General Code. As she was an adverse party the executor properly called her to testify as upon cross-examination. Consequently there is no merit as to the first assignment of error.

3. While the pleading filed by the executor of the estate to the exceptions is designated a motion, it was, in legal effect, an answer as it attacked the merits of exceptor's claim.

While the defense of *res judicata* is inartfully pleaded, no request was made to the court that it be made more definite and certain, and in the absence of such request it was sufficient to raise such defense, and the testimony of Florence L. Sherwood conclusively sustains such defense.

The hearing on the exceptions and the so-called motion thereto constituted a hearing on the merits of the case.

While the order of the court striking the exceptions from the files was erroneous, it was not prejudicial to the appellant, Florence L. Sherwood, as her own testimony disclosed that any right she may have claimed in the money shown by the inventory had been adjudicated against her prior to the filing of the exceptions, and that such adjudication was in full force and effect. The dismissal of the exceptions was the proper remedy. That was properly ordered by the court.

There being no error in any of the respects specified in appellant's brief, the judgment of the Probate Court is affirmed.

*Judgment affirmed.*

MIDDLETON, P. J., JACKSON and GUERNSEY, JJ., concur.